PAZ, PLAINTIFF AND APPELLEE, *v.* BONET, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in an Action for Damages.

No. 2680.—Decided July 11, 1922.

DAMAGES—NEGLIGENCE—PLEADING.—A complaint in an action for damages for negligence is not ambiguous or insufficient because it alleges that the defendant drove his automobile at an excessive rate of speed without sounding the horn and without having a license to drive from the Commissioner of the Interior. Either act of negligence in case of damage to another may give rise to an action for the damages sustained, but the two acts may coexist without being incompatible.

ID.—ID.—ID.—A certificate by the Commissioner of the Interior to the effect that on a certain date the defendant was not licensed to drive motor vehicles is admissible in evidence when that fact has been pleaded.

ID.—ID.—AUTOMOBILES—OWNERSHIP—EVIDENCE.—The uncontradicted testimony of the plaintiff and the transfer made to him by the previous owner of the automobile as shown by the license issued by the Commissioner of the In-

terior, although the license was not registered until after the accident, are sufficient evidence that the plaintiff was the owner of the vehicle that was damaged.

ID.—EVIDENCE.—The Supreme Court having examined the evidence reviewed in the opinion, it was *held:* That it was sufficient to support the judgment against the defendant.

The facts are stated in the opinion.

*Mr. A. A. Vázquez* for the appellant.

*Messrs. Benet & Souffront* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

On April 18, 1921, on the road between Mayagüez and Añasco, two automobiles collided and as a consequence thereof Genaro Paz brought this action to recover for the damages suffered by him, alleged to be due solely and exclusively to the negligence of the defendant.

Domingo Bonet, the defendant, demurred to the complaint on the ground that it was ambiguous. This demurrer was overruled and thereupon the defendant again demurred to the complaint on the ground that it failed to state a cause of action, and at the same time filed an answer and a counter-complaint for damages sustained by him as a result of the collision, alleged to be due to the negligence of the plaintiff and counter-defendant.

The trial court sustained the complaint, but reduced the amount of damages claimed by the plaintiff, dismissing the counter-complaint. From that judgment the defendant appealed to his court and prays for its reversal.

After the judgment was rendered the defendant filed a motion for a new trial based on affidavits and on the record of the case and the minutes of the court. The motion was overruled for reasons which will be set forth hereafter.

The appellant assigns the following errors:

In overruling the demurrers that the complaint was ambiguous and that it failed to state facts sufficient to constitute a cause of action.

In the admission of a certain certificate of the Commissioner of the Interior of August 25, 1921.

' That the judgment is contrary to law and the evidence is not sufficient to support it.

The first two assignments may be considered together, inasmuch as the appellant gives the same reasons in support of both. It is urged that the negligence attributed to the defendant is alleged in two different forms and that each of them sets up a separate cause of action. The first averment is that the defendant drove his automobile at an excessive rate of speed without sounding the horn, and the second is that he was not licensed to drive by the Commissioner of the Interior. Section 2 of the Motor Vehicles Act of April 13, 1916. It is not true, as alleged by the appellant, that the different classes of negligence thus set up constitute separate causes of action and render the complaint ambiguous or insufficient. Either act of negligence, in case of damages to another, may give rise to an action to recover for the damages sustained, but the two allegations may be made without being incompatible. The first thing to be considered in a case of negligence is the due care that should have been exercised under the circumstances in which the accident occurred. The speed, the sounding of the horn and keeping on the right side of the road by the driver are conditions which have a decisive influence in determining the liability of the driver of a motor vehicle. But if to this be added the fact that the driver was not licensed to operate the automobile, a fact which of itself would create liability in case of an accident towards the person injured, then it would result in the allegation of a fact which of itself establishes *prima facie* negligence and makes the defendant liable for the damage done.

"All operators of motor vehicles in addition to exercising reasonable care and caution for the safety of others who have the right

to use the highways must do whatever the statute law of the jurisdiction requires whenever the conditions therein referred to arise, and a failure to comply with regulations imposed by law or ordinance may, in itself, constitute negligence and render the operator liable 'for consequential damages in the event that any person thereby sustains personal injuries. Nevertheless, if the driver of an automobile complies with all the requirements of a statute regulating the operation of motor vehicles, he may yet be liable for the failure to exercise ordinary care to avoid injury to another traveler on the highway." 2 R. C. L. 1183–84.

The appellant further alleges that the complaint does not state a cause of action because no fact is averred from which it may be concluded that the plaintiff was the owner of the automobile which he was driving. In the first count of the complaint it is specifically alleged that the plaintiff is and was the owner of public service Ford automobile No. 143 and we find that allegation sufficient to establish that he was the owner.

We do not see that the certificate of the Commissioner of the Interior of August 25, 1921, was impertinent, or that it was error on the part of the court below to admit the same in evidence. It appears from the said certificate that the defendant was not then licensed to operate motor vehicles in Porto Rico. Connecting this evidence with the allegation of the same fact contained in the complaint, it will be readily understood that the admission of that document in evidence was proper.

We come now to the assignment relative to the insufficiency of the evidence. Both parties introduced evidence tending to support their respective allegations. Consequently the evidence was necessarily contradictory and the conflict was adjusted by the court below in favor of the plaintiff. Besides, at the instance of the parties, the court made an ocular inspection of the place where the collision occurred. After a careful examination of the evidence, we have reached the same conclusion as did the court below. The plaintiff

was carrying passengers in his Ford automobile, which was smaller and weaker than the Buick automobile driven by the defendant unaccompanied by any other person. It is a matter of logic that if the oral evidence for the two parties was contradictory, the probative value of the testimony of the persons occupying the plaintiff's automobile. must have had special importance and that the weight thereof must have inclined the trial judge in favor of the rights asserted by the plaintiff. It is true that other persons testified for the defendant, but from the form and manner in which these persons were produced at the trial and the motive of their testimony, it seems that the trial court, which could best judge of their credibility, did not believe them, and, therefore, among other findings of the court below in which we concur, we think it important to transcribe the following:

"The court is of the opinion that from the weight of the contradictory evidence and from the ocular inspection made, it appears that while the plaintiff, Genaro Paz, was driving a Ford automobile belonging to him, and carrying passengers on the 18th of April, 1921, about 4 p. m., from the town of Añasco towards Mayagüez, upon arriving at kilometer 180, hectometer number 3, of the road between San Juan and Mayagüez, that is, between the second and third kilometers of the road from Mayagüez to Añasco, at the place known as the Algarrobo hill, in the municipality of Mayagüez, P. R., within this judicial district, there was coming in the opposite direction, or from Mayagüez towards Añasco, a Buick automobile driven by its owner, Domingo Bonet, the defendant, descending the hill at great speed, making zigzags and without sounding the horn or giving any other warning signal, in such manner that his automobile collided with the Ford automobile of plaintiff Genaro Paz and smashed it, inflicting blows and injuries upon the person of plaintiff Genaro Paz, who was thrown out of his automobile as a result of the collision.

"The court is of the opinion that defendant Domingo Bonet was driving his Buick automobile on the said day and hour negligently, inasmuch as he was not driving as far to the right as possible, in accordance with the Act approved April 13, 1916, to regulate the

use of motor vehicles in Porto Rico, and for other purposes, and such precaution was still more necessary because he was rounding a curve in the road, and it is also a duty in such cases to give warning by sounding the horn so as to inform others of the approach, and defendant Domingo Bonet did not do this and also failed to drive as far to the right as possible, or to regulate the speed of his car according to the width of the road, the amount of traffic and the curve existing at the place; and, furthermore, on the said day defendant Domingo Bonet did not carry with him and did not possess a license to drive motor vehicles in Porto Rico, issued by the Commissioner of the Interior, it having been proved by the documentary evidence presented that the only authorization that the defendant Domingo Bonet had to drive motor vehicles consisted of three permits which were good for thirty days each, the first issued on December 8, 1920, and expired on January 8, 1921, the second issued on January 18, 1921, and expired on February 18, 1921, and the third issued on April 19, 1921, that is, on the day following the collision or accident, which occurred on April 18, 1921, it having been shown likewise that defendant Domingo Bonet was not accompanied on that day by any chauffeur or driver having a license to drive motor vehicles.''

The appellant lays great stress on the question of the ownership of the Ford automobile which the plaintiff was driving and alleges that it was not proved that he was the owner of the automobile. All of his argument is based on the fact that although the license of the said car, issued by the Commissioner of the Interior, appeared to have been transferred to the plaintiff by the former owner of the automobile on April 1st, it was not registered in the Department of the Interior until the 25th of the same month, or after the accident had occurred. However, the license is not the only means of proving the ownership of an automobile and its probative value is not absolute but relative, if considered as a title of ownership.

''The identification of automobiles by systems of licensing and the requirement that each machine must carry a registration number conspicuously displayed is one of the precautions taken to reduce

the danger of injury to pedestrians and other travelers from the careless management of automobiles, and to furnish a means of ascertaining the identity of persons violating the laws and ordinances regulating the speed and the operation of machines upon the highways.'' 2 Ruling Case Law, 1176.

It seems also that in connection with the same point the trial court took into consideration not only the transfer of the license to the plaintiff by the former owner of the car, but also the testimony of the plaintiff, whom the court believed absolutely, inasmuch as the defendant did not contradict in any way the plaintiff's testimony that the Ford automobile belonged to him. The same may be said regarding the evidence introduced by the plaintiff to establish the damages suffered by him as a result of the collision. The defendant produced no evidence to counteract or destroy the effect of that evidence and it was accepted as true by the court below.

Therefore, we do not find that in weighing the evidence the court acted with passion or prejudice or committed manifest error, and we must accept the conclusion reached by the trial judge in sustaining the complaint and giving judgment for $987 and costs against the defendant, dismissing the counter-complaint.

As regards the order of the trial court overruling the motion for a new trial, we can not consider the error assigned by the appellant, inasmuch as no appeal was taken from that order.

For all of the foregoing the judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.